**Larry Gene HEGGEM, Plaintiff–Appellant,**

v.

**Andrea HOLMES, Maiden name "Mathern"; John Doe, Defendants–Appellees.**

No. 12–36014.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Jan. 2, 2014.

Larry Gene Heggem, Bellingham, WA, pro se.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas W. Carr, Assistant Attorney General, Attorney General's Office, Olympia, WA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

MEMORANDUM **

Washington state prisoner Larry Gene Heggem appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendant Holmes violated his constitutional rights in connection with the revocation of his Drug Offender Sentencing Alternative ("DOSA") placement and his return to prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's application of the doctrines of claim preclusion and issue preclusion. *Littlejohn v. United States,* 321 F.3d 915, 919 (9th Cir.2003). We affirm.

The district court properly dismissed Heggem's claims that did not necessarily involve the revocation of Heggem's DOSA sentence as barred by the doctrine of claim preclusion because those claim were raised or could have been raised in the prior federal action that Heggem brought against Holmes in 2007. *See Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001) (setting forth elements of claim preclusion under federal law).

The district court properly dismissed Heggem's claims that implicated the validi-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ty of the revocation of Heggem's DOSA sentence as barred by the doctrine of issue preclusion because the issue of the validity of the revocation of Heggem's DOSA sentence was previously decided by the Washington Supreme Court when it denied Heggem's personal restraint petition. *See Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 152 Wash.2d 299, 96 P.3d 957, 960–61 (2004) (setting forth elements of issue preclusion under Washington law).

We reject Heggem's contentions concerning his attempt to amend the complaint in his prior federal action and the merits of his claims.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.